#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF OHIO
#### EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | **CASE No. : 2:13-CR-106(1)** |
| vs. : | |
| : | **JUDGE EDMUND A. SARGUS** |
| **VALERIO V. ALEXANDER** : | |
| aka "Vic" : | |

#### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through undersigned counsel, hereby submits its Memorandum in Aid of Sentencing as ordered by the Court.

#### BACKGROUND

On January 21, 2013, the defendant, Valerio V. Alexander, entered a plea of guilty pursuant to a plea agreement, to Count Two of the Indictment, which charged him child sex trafficking, in violation of 18 U.S.C. § 1591(a). The plea agreement included a Rule 11(c)(1)(C) sentencing stipulation of 180 months of incarceration.

At the time he entered his plea of guilty, the defendant admitted that he had caused Jane Doe #1, a 16-year-old female, to engage in a commercial sex act, by taking sexually suggestive photographs of Jane Doe #1, causing those photographs to be placed in advertisements for prostitution on the website backpage.com, and instructing Jane Doe #1 how to speak to prostitution clients that called in response to the backpage.com advertisement.

The final Presentence Investigation Report ("PSR") was disclosed by the Probation Office on July 2, 2014, and sentencing in this matter is scheduled for August 21, 2014.

**PRESENTENCE INVESTIGATION REPORT AND RECOMMENDATION**

The United States has reviewed the PSR in this case and submits that the Probation Officer has correctly calculated the advisory sentencing guideline range.  The United States thus raises no objections to the PSR.  The total offense level calculated in the PSR is 38 and the defendant has a criminal history category VI, which results in a guideline sentencing range of 360 months to life.  The Probation Officer has not identified any factors warranting departure or deviation from the applicable guideline range, but concurs in the 180-month stipulated sentence contained in the plea agreement, which represents a sentence significantly below the applicable guideline range.

For the reasons discussed below, the United States respectfully recommends that the Court impose the stipulated sentence that is contained in the Rule 11(c)(1)(C) plea agreement.

**ANALYSIS AND RECOMMENDATION OF THE UNITED STATES**

After *Booker v. United States*, district courts should engage in a three-step sentencing procedure.  543 U.S. 220 (2005).  The court must first determine the applicable guideline range, then consider whether a departure from that guideline range is appropriate, and finally consider the applicable guideline range, along with all of the factors listed in section 18 U.S. C. § 3553(a) to determine the sentence to impose.  The central command of § 3553 directs courts to impose a sentence sufficient, but not greater than necessary, to meet the goals of sentencing set forth in § 3553(a).

The United States submits that the stipulated sentence that was agreed to by the parties is consistent with the goals of sentencing as outlined in § 3553(a) and would be a reasonable sentence under *Booker*.

## I.     Guideline Calculation and Possible Departure

As indicated above, the applicable sentencing guideline range for the defendant was properly calculated in the PSR, resulting in a sentencing guideline range of imprisonment between 360 months and life, a term of supervised release of 5 years to life, and a fine of $25,000 to $250,000.  The probation officer has found, and the government agrees, that there are no bases for departure from the applicable guideline range.  However, the government agrees with the Probation Officer's recommended sentence of 180 months of incarceration and a five year term of supervised release.

## II.    Section 3553(a) Factors

Pursuant to 18 U.S.C. §3553(a), there are seven factors the court is to consider during sentencing: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the statutory purposes of sentencing; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range as set forth in the Sentencing Guidelines; (5) the Sentencing Guidelines policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense.

The government submits that consideration of these sentencing factors warrants the sentence to which the parties have stipulated and which the Probation Officer has recommended. A sentence of 180 months of incarceration properly accounts for the very serious and dangerous circumstances of this offense, and balances that seriousness against the other significant factors in this case.  Such a sentence would also properly reflect the seriousness of the defendant's offense, promote respect for the law, and provide just punishment.  This sentence is also sufficiently significant to deter this defendant from future criminal conduct, as well as others who may contemplate committing similar offenses.  Finally, given this defendant's age and

3

immigration status, the government believes that a sentence of 180 months of incarceration will protect the public from any future crimes.

### Kinds of Sentences Available, Sentencing Range and Policy Statements in the Guidelines

Pursuant to 18 U.S.C. § 1591, the maximum term of incarceration that may be imposed in this case is life.  A term of supervised release of five years is mandated by statute for this offense, with a maximum possible supervised release term of life.  As indicated above, the sentencing guidelines range is 360 months to a lifetime term of incarceration, five years to life supervised release, and a fine of $25,000 to $250,000.

### The Need To Avoid Unwarranted Sentence Disparities

The government submits that the sentence recommended by the Probation Officer in this case would not result in unwarranted sentencing disparities.

### The Need To Provide Restitution

The government has not received any restitution requests from the victim in this case.

## CONCLUSION

For the foregoing reasons, the United States concurs with the sentence recommended by the probation officer, and submits that the recommended sentence would be sufficient but not greater than necessary to achieve the statutory goals of sentencing.

    Respectfully submitted,

    CARTER M. STEWART
    United States Attorney

    s/Heather A. Hill
    HEATHER A. HILL (6291633)
    Assistant United States Attorney
    303 Marconi Boulevard
    Suite 200

                                        Columbus, Ohio 43215
                                        (614) 469-5715
                                        Fax: (614) 469-5653
                                        Heather.Hill @usdoj.gov

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was served via ECF this 8th day of August, 2014, upon Steven S. Nolder, counsel for the defendant.

                                        s/Heather A. Hill
                                        HEATHER A. HILL (6291633)
                                        Assistant United States Attorney